S. B. DICKENSON V. P. McDERMOTT'S E'XORS, AND OTHERS.

Where the Judge, in granting an order for an injunction, omitted to state the amount of the bond to be given, and bond was given in double the amount to be enjoined, it was held that the bond was good, that a motion to amend the order should have been sustained and that it was error to dissolve the injunction.

An omission on the part of the Court or Judge, will not be permitted to work an injury, where it can be avoided.

Where a payment (especially after the commencement of suit) is made in confidence that it will be credited, and particularly where there is an agreement to that effect, and the credit is not given, but judgment is taken (in the absence of the defendant) for the whole amount, the party thus wronged may have his remedy by injunction ; or if he be compelled to pay the judgment, he may by action recover the sum twice paid ; and whether the payment be by money or property, or a just discount received and admitted as payment cannot affect the rule.

It is competent for executors or administrators, or one of several executors or administrators, to accept claims against the estate in discharge of claims accruing after the death of the testator or intestate, and in the absence of good cause shown to the contrary, an agreement to make such set-off or discount will be enforced against the executors or administrators.

Error from Lavaca.    The facts are stated in the opinion of the Court.

*G. W. Smith*, for plaintiff in error.    It was the duty of the Judge to have stated in the order the sum, and the omission was not the fault of the plaintiff.    (Hart. Dig. Art. 1601.)

The amendment would have been nothing more than an interlocutory order, which the Court can make at any stage of the proceedings.    (Story Eq. Sec. 886; 8 Tex. R. 65, 66.)

The agreement, made between plaintiff and Layton, was a binding agreement on the payees of the note, and was a valid payment or discharge of the amount, as agreed, and should have been complied with.    The allowed and approved account against the estate they represented transferred to them or receipted as paid, was a valuable consideration for the

promise to allow the credit and dismiss the suit. (Harrison v. Knight, 7 Tex. R. 47; Tinsley v. Ryan, 9 Tex. R. 405.)

An injunction will be granted when the party has obtained an unjust advantage by fraud, accident, mistake or otherwise, to restrain proceedings in any Court at any stage of the proceedings. (3 Daniels' Chancery Pleadings and Practice, p. 1844–5; 4 Hen. & M. 427; 7 Cranch, 332; 13 Vermont, 477; 15 Vermont, 78; 8 Gill & Johns. 340.)

*J. J. Holt*, for defendants in error. That the ruling of the Court dissolving the injunction was right, I hold there can be no doubt. (Hart. Dig. Art. 1601.)

The petition shows that the plaintiff could not have pleaded said debt in off-set in said suit, and therefore does not show that he was by the acts of Layton deprived of any legal or equitable defence, which he had to said action, and shows no ground for an injunction, unless the agreement with Layton, as set out in said receipt, gave him different, superior and greater rights as a creditor of McDermott, than he was by law entitled to. His debt not being one of the privileged class, he was only entitled to receive it in regular course of administration, and out of the general estate. And the fact that he, with one of the executors, attempted to obtain a preference over other creditors, by obtaining a credit on his note for the entire amount of his debt, will not prejudice the rights of other creditors, or prevent the other executor from treating said attempted fraud as a nullity, and collecting from him the amount of his debt to said executors, and forcing him to receive his debt in the mode pointed out by law. (Davis v. Thorn, 6 Tex. R. 482.)

HEMPHILL, CH. J. The first question is as to the alleged error in refusing to amend the *fiat*, and fix the amount in which the bond should be given. The statute requires the Judge, in the order granting the injunction, to state the

amount of the bond. This was not done in this case. The suit was ordered to issue on the petitioner executing bond in the terms of the law. A bond was executed and approved in a sum at least double the amount of that alleged to be due. The injunction issued, and the question is whether the omission by the Judge, to fix the amount of the bond, is without remedy—and must it, of necessity, dissolve the injunction and defeat the relief of the plaintiff, who is chargeable with no fault or negligence. The requisites of the law, so far as they depended on his action, have been faithfully observed; and no omission on the part of the Court, if susceptible of remedy, should be suffered to defeat his rights. The prime object of the bond is to secure the defendant from loss and damage. When that is done, the end is attained, and the mere fixing of the amount by the Judge becomes an immaterial circumstance. He would not have fixed it at more than double the amount; consequently the bond ordered would not have varied materially from the present bond. Had the sum been fixed by statute, or by some certain tests for ascertaining it with precision, the bond should have been for such sum. But even then, had the bond been taken for an insufficient amount, the defect would not have been fatal, provided a good and sufficient bond were substituted. The object of the bond, viz: to secure the defendant, would have been attained; and he could have had no just cause of complaint. (Shelton v. Wade, 4 Tex. R. 149.) And if, under such circumstances, an amendment be allowed, much more would it be admissible where the bond is sufficient, but a mere formality has been omitted, in the failure of the Judge to fix the precise amount, before the bond was given. Beyond doubt, the Judge could have amended his *fiat* before the bond was executed, and no reason has been or can be shown why he might not do so afterwards. At all events, the order might have been amended, and if necessary a new bond directed to correspond with the amendment, thus curing the omission, and securing the defendants, if in fact they had not been already sufficiently se-

cured.  We are of opinion that the Court erred in overruling the motion to amend the *fiat*, and in dissolving the injunction on the ground of the defect.

The next question is the alleged error in sustaining the demurrer of defendants, and dismissing the petition.  The material facts alleged by plaintiff are, that he had been sued on a note given by him to L. W. Layton and M. B. Bennett, as executors of Peter McDermott, deceased, for the sum of three hundred and ninety-nine 88-100 dollars ; that the estate of McDermott was indebted to him on an account for the sum of two hundred and thirty-seven 88-100 dollars, which had been accepted by the executors and allowed and approved by the Chief Justice ; that after the commencement of the suit, the said account so probated was delivered to L. W. Layton, one of the executors, who stipulated in writing, that the amount should be credited on the note in suit, and that the suit should be dismissed ; that the plaintiff relying on this agreement made no defence ; that his claim was not credited on the note, according to the stipulation, but, in fraud of plaintiff's rights, judgment was taken for the whole amount ; that the attorney of the executors had informed him this judgment was taken subject to his credit, but that execution had issued for the full amount ; that he had paid the excess of the judgment over his probated claim ; and after alleging some facts relative to the assignment of the judgment, he prayed for a perpetual injunction against further proceedings on the portion of the judgment remaining unpaid.

These facts set forth in the petition must, on demurrer, be taken to be authentic and true ; and the question is, whether they show equity in the plaintiff and entitle him to relief. There can be very little hesitancy in answering this in the affirmative.  The plaintiff, by the shewing, has in effect paid and discharged the identical demand upon which the judgment, now against him, is founded ; and this payment was made on an agreement that credit should be given for the amount.  Where a payment (especially after the commence-

ment of suit) is made in confidence that it will be credited, and particularly where there is an agreement to that effect, and the credit is not given, but judgment is taken for the whole amount, the party thus wronged may have his remedy by injunction; or, if he be compelled to pay the judgment, he may by action recover the sum twice paid, (Clay v. Clay, *Ante*,) and whether the payment be by money, or property, or a just discount received and admitted as payment, cannot affect the rule.

Nor is it affected by the facts in this case, that the discount was due from an estate, and that the agreement to receive it in payment was made by an executor. For aught that appears, the note given to the executors by the plaintiff, may have been for a debt due to the testator in his life time. If so, the mutual demands of the parties operated, to their extent, as an extinguishment of the respective claims of each. (11 Tex. R. 10.) But, admitting that it was given for a debt contracted after testator's death, as for instance for property of the estate purchased at a sale, yet it was competent to the executors to receive in payment of such debt, the just claim which the plaintiff had against the estate. An executor or administrator will not, unless under special circumstances, be forced to admit a claim against the estate in set-off to a debt contracted after the death of the testator or intestate, as this might lead into embarrassing investigations in relation to the solvency of the estate, and the sufficiency of the assets to pay the claims. But even to this there is an exception, where the solvency of the estate is beyond dispute. (Hall v. Hall, 11 Tex. R. 553.) The rule is for the protection of executors and administrators. It exempts them from compulsion, but does not affect their voluntary action, or deprive them of the power of paying up claims against the estate, by giving credit on claims which are due to the estate, or the ultimate benefit from which will go to the succession. The executor or administrator is presumed to have knowledge of the affairs and condition of the succession. He has the means of ascertain-

ing with certainty, whether the assets will be sufficient to pay the whole or only part of the debts; and when an executor pays the whole of a debt, either in money or by giving credit for it on a demand due the estate, the presumption is that the estate is solvent, and that the executor knows it to be such. At all events, that is a matter of which he is to Judge at his peril.   What relief might be afforded an executor, in cases of clear mistake, need not be discussed, as no such case is presented by the record.

The claim of plaintiff against the estate had been duly accepted, approved and allowed, and, for aught that appears, formed a sufficient consideration for the promise to give credit.   This promise has been broken, and for the breach, the plaintiff is entitled to relief, and to protection against a demand already discharged by him.   We are of opinion that there was error in sustaining the demurrer and dismissing the petition; and it is ordered that the judgment be reversed and the cause remanded.

Reversed and remanded.