## J. M. LONG v. F. MOORE.

Decided March 12, 1910.

**1.—Promissory Note—Failure to Endorse Credits—Judgment not Conclusive.**

The maker of a promissory note paid from time to time to the agent of the payee sundry amounts with instructions to credit the amounts on the note, which the agent promised but failed to do; after maturity of the note the payee brought suit for the full amount of the note, interest and attorney's fee; the citation served on the defendant showed that the suit was for the face of the note and no credit was given for the payments which had been made; the defendant was in bad health, almost deaf, lived thirty miles from the court, and, being a railway station agent, could not leave his place of business to attend the court without risk of losing his position; he relied on the promise of the plaintiff, at the time the payments were made, to give him credit for the same, and made no defense to the suit; the plaintiff took judgment for the face of the note, interest and attorney's fee; when execution was issued on the judgment, defendant paid the same and subsequently brought this suit to recover from the payee the sums of money received by him and which he failed to credit on the note and judgment. Held, the judgment in the first suit was not a bar to this suit, nor was the defendant guilty of such negligence in failing to make his defense in the first suit as would preclude him from maintaining this suit.

**2.—Usury—Recovery.**

A cause of action to recover usurious interest does not exist until the interest has been actually collected and received by the payee. The recovery provided for in article 3106, Rev. Stats., can only be had in an action therefor and not necessarily by a purely defensive pleading setting up usury and payment; the right of recovery is a cause of action and not a mere defense. Therefore a judgment on a note including usurious interest can not be pleaded in bar of a suit to recover the penalty for receiving usurious interest.

**3.—Same—Statute Construed.**

The Act of the Thirtieth Legislature amending article 3106 of the Revised Statutes (Gen. Laws, 1907, p. 277) is prospective, operating only upon payments of usury after the Act took effect.

Appeal from the County Court of Johnson County. Tried below before Hon. J. B. Haynes.

*Walker & Baker,* for appellant.—A defendant who omits to plead and prove partial payments on the debt involved in a suit, is concluded by the judgment, and can not afterwards maintain a suit to recover such payments. Dwyer v. Rippetoe, 72 Texas, 538; Thompson v. Lester, 75 Texas, 523; Brown v. Renfro, 63 Texas, 602; Henderson r. Terry, 62 Texas, 284; Freeman v. McAnninch, 87 Texas, 132.

As this was a direct attack on the judgment previously rendered in the Justice Court, the court erred in authorizing the jury to find for appellee for the payments he claimed to have made, for two reasons: (1) The appellee discovered, September 7, 1906, the day he satisfied the judgment, eleven days after the rendition of the judgment, that judgment had been rendered for the full amount, and he could have and should have taken the case to the County Court by writ of certiorari; (2) if the appellant was guilty of fraud in taking judgment for the full amount of the note, then appellee could have instituted a direct proceeding to set aside the judgment. Having

failed to avail himself of either of these remedies, he should not be permitted to attack the judgment collaterally, as in this case. Mikeska v. Blum, 63 Texas, 46; Capt v. Stubbs, 68 Texas, 224; Williams v. Haynes, 77 Texas, 285; Cage v. Ownes, 103 S. W., 1191; Hamblin v. Knight, 81 Texas, 351.

If the appellant collected unlawful interest from the appellee, the same was a defense that could have been urged by him in the suit against him on the note, and, having failed to appear and plead the same, he is concluded by the judgment rendered in that case, and his alleged cause of action for the penalty was merged in the judgment on the note. Henry v. Sansom, 2 Texas Civ. App., 150; 2 Black on Judgments, sec. 759; 2 Am. & Eng. Ency. Law, 558.

As the penalty clause of article 3106 was repealed by the amendment of 1907, without a saving clause in favor of pending suits, it was error for the court to authorize the jury to find in favor of the appellee for a penalty. Jessee v. De Shong, 105 S. W., 1011; Insurance Co. v. Ritchie, 5 Wallace, 540; South Carolina v. Gaillard, 101 U. S., 433.

*J. M. Moore,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—This suit was brought by the appellee against appellant in the Justice's Court of precinct No. 1 of Johnson County, Texas, to recover certain sums of money, aggregating sixty dollars, paid by appellee to appellant to be credited on his note held by appellant for the sum of $72, which appellee alleges appellant fraudulently failed to do, and to recover the penalty provided by statute for charging and collecting usury. From a judgment in favor of the plaintiff in the Justice's Court the defendant appealed to the County Court, in which latter court judgment was again rendered for the plaintiff, and the defendant from that judgment appealed to this court.

There is no controversy over the pleadings, and the evidence is without conflict. Appellant was engaged in lending money in the town of Cleburne, Texas, in 1905, and for such business maintained an office there. M. M. Bauldwin was the agent of appellant in such office and made loans for appellant. On December 30, 1905, appellee applied to Bauldwin for a loan of sixty dollars for sixty days. Bauldwin, as the agent of appellant, let appellee have the sum applied for, charging him $12 for the loan of the money, and took his note for $72 due in sixty days payable to appellant, and a mortgage on appellee's piano to secure the payment of said note. Afterwards, and at different times from March 20, 1906, up to and including July 5, 1906, appellee paid to appellant's said agent, Bauldwin, at his office in Cleburne, the several sums of money aggregating $60, as alleged in his petition, with instructions to place such sums to his credit on his said note. At the time such sums were paid appellee was the agent of the Texas Central Railway Company and in charge of its station at Morgan, distant from Cleburne about thirty miles. He sent the several sums, paid to appellant, through his agent Bauldwin, to his wife at Cleburne, with instructions to pay them to appellant on his note.

This was done, and in each instance Bauldwin promised to credit such sums on the note and stated that a receipt was unnecessary. Neither appellant nor his agent Bauldwin appeared in court on the trial of this case, nor did they in any way attempt to controvert or disprove the above facts.

On July 24, 1906, appellant sued appellee on the $72 note, and on July 27, 1906, citation was served upon him, commanding him to appear and answer such suit, showing that appellant had sued him for the full amount of said note. Appellee did not appear in person in said suit, nor did he file answer or otherwise appear therein, and on August 27, 1906, judgment by default was taken against him by appellant for the sum of $86, being the principal, interest and attorneys' fees evidenced by the said note sued on, with a foreclosure of the mortgage lien on appellee's piano. On September 7, 1906, under an order of sale issued on the judgment against appellee, his piano was seized by the constable, and, to prevent a sale thereof, appellee's wife borrowed the money and paid off and satisfied said judgment in full. At the time appellee was sued on the $72 note and the judgment thereon rendered against him he was still in the railway service at Morgan, and was the only person in charge of the railway station at that place. The reasons given by appellee for not appearing and pleading the sums paid to appellant as credits on the $72 note are that there was no one to leave in charge of the railway office at Morgan, and he could not leave to attend court; that his health was bad, and he had confidence in the defendant, and thought he had or would credit the note with the sums he had paid him, as Bauldwin had promised and agreed to do so.

The first proposition contended for by appellant is, in effect, that the appellee, having omitted to plead and prove, in appellant's suit on the $72 note, the payments made on said note, he is concluded by the judgment rendered in that suit, and can not maintain this suit to recover the sum of such payments. On the other hand, the appellee contends that where payments upon a debt are made, and the creditor afterwards sues on the debt and the debtor makes default, and the creditor takes judgment for the full amount of the debt and collects the judgment, the debtor may afterwards sue and recover the amount of such credits or payments.

A decision of the question is not without difficulty. It is held in some jurisdictions that it is as much the duty of a party, when sued, to plead payment as it is to plead any other defense which he may have; and if he fails to do so, unless excused by equitable circumstances, and judgment is rendered against him for too much, he can not make that recovery the ground of a new action. The doctrine is grounded upon the maxim, *interest reipublicae ut sit finis litium*. Doyle v. Reilly (18 Iowa), 85 Am. Dec., 582, and authorities therein cited. The only cases passed upon by our own courts in which the principle was involved, so far as we are advised, are the cases of Clay v. Clay, 13 Texas, 195 and Dickenson v. McDermott, 13 Texas, 252.

The suit in Clay v. Clay, supra, was founded upon a judgment rendered in the State of Kentucky, and the defendant pleaded payments made after the suit was instituted in Kentucky and before the judg-

ment was rendered. It was contended that, not having offered his payments in evidence on the original trial, the defendant was precluded from availing himself of them as grounds of defense in the suit brought upon such judgment. In holding against such contention the Supreme Court of this State, after admitting that the position in its general application was well sustained by authority, said: "The rule, so far at least as it forever precludes the defense of payment, is not founded on morality or honesty, but on a principle of public policy that there should be some broadly marked line at which litigation should come to an end; . . . that this is a statutory principle is acknowledged, . . . but that it should be so rigorously applied as in all cases to exclude evidence of payment which might have been set up in the first action had the defendant been vigilant, is doubted." Then, after stating that the principle which would require such a sacrifice to its authority as the payment twice of the sum involved in the case cited, must indeed be potential, the learned judge delivering the opinion of the court, in speaking of the character of the defense of payment, says that it is certain that such defense is always just; that "it, in fact, extinguishes the demand of the plaintiff *pro tanto.*"

In the case of Dickenson v. McDermott, *supra,* the Supreme Court makes use of the following language: "Where a payment (especially after the commencement of suit) is made in confidence that it will be credited, and particularly where there is an agreement to that effect, and the credit is not given but judgment is taken for the whole amount, the party wronged may have his remedy by injunction; or if he be compelled to pay the judgment he may by action recover the sum twice paid."

The facts and circumstances characterizing this case are sufficient, it seems to us, to bring it within the principle announced in the cases from which the above quotations are made. We are not disposed to adhere fully to the rigorously general rule referred to in the case of Doyle v. Reilly, *supra,* but hold to the view that if the payment itself will not "raise the presumption of a confidence that due credit should be given, and relieve the defendant from vigilance to prevent the possible dishonesty of the plaintiff from taking judgment for the whole amount of the debt, slight additional circumstances should certainly have that effect." In the instant case there was a positive agreement to credit the payments. Appellee was in bad health, almost deaf, and thirty miles from the court. He had confidence, he says, in appellant, and believed he would credit the note with the sums paid him. He was engaged in the exacting service of a railway company, the quitting of which for the time necessary to defend appellant's suit on the $72 note would very likely have cost him his position. The contention of counsel for appellant to the effect that the principle does not apply in a case like the present, where the payments were made before the commencement of the action on the debt, is not, in our opinion, sound. While the fact that the payments were made after the institution of suit may furnish an additional reason for the presumption of a confidence that they would be duly credited, and strengthen the argument in favor of the right to recover the amount of such payments in an action therefor, when they have not been allowed but judgment

taken for the entire debt, yet that is not the controlling fact in determining the application of the rule under discussion. The right ·to recover such payments rests upon the specific agreement to give the credits; the trust and confidence reposed in the creditor that he will honestly carry out such agreement, and the debtor's failure to defend upon the faith thereof. In the present case, when the payments were made, appellant distinctly promised and agreed to allow and endorse them as credits on the note, and the appellee testified that he had confidence in him, and believed he would do so; that for that reason he did not defend the suit on the note, and did not know appellant had taken judgment for the full amount of the note until in September, 1906, when his piano was levied upon to pay the debt. The fact that it appeared from the citation that appellant had sued for the full amount of the note was not conclusively notice to appellee that the credits had not been endorsed on the note, or would not be given at the trial. That the creditor, in suing on a debt upon which partial payments have been made, declares upon the whole debt without mention of the credits to which the debtor may be entitled, is not an infrequent practice in this and, doubtless, other States. This is illustrated in the case of Holland v. Cook, 10 Texas, 244. In that case the suit was on a promissory note claiming the amount due on its face without mention of certain credits endorsed thereon. Judgment was taken by default for the whole amount of the note; but upon appeal it was held that the judgment should not have been for the amount claimed, but for the amount of the indebtedness remaining unpaid after making due allowance for the credits endorsed on the note. Without further discussion of the question we will say that, in our opinion, the facts and circumstances under which the appellee acted were sufficient to excuse his neglect in availing himself of the payments made on the $72 note by way of defense to the action on said note, and that he is not precluded by reason of such neglect to recover in the present action the amount of such payments.

Appellant further contends that the trial court erred in refusing to direct the jury, as requested by him, to return a verdict in his favor as to appellee's alleged cause of action for the usury penalty. In this contention we do not concur. The proposition to the effect that, if appellant collected unlawful interest from the appellee, the same was a defense which should have been urged by him in appellant's suit on the note of $72, and that, having failed to plead the same in that suit, appellee's cause of action for the penalty sought to be recovered is merged in and concluded by the judgment on said note, can not be maintained. This branch of appellee's suit is not to recover the interest collected by appellant from him, but is. an action founded on article 3106, Rev. Stats., which provides that if usurious interest shall be received or collected, the person paying the same may, by action of debt instituted in any court of this State having jurisdiction thereof, recover from the person receiving the same double the amount of the interest so received or collected. In Rosetti v. Lozano, 96 Texas, 57, it is said by our Supreme Court that "the recovery provided for in the above statute can only be had in an action therefor, and not merely by a purely defensive pleading setting up usury and payment. The right

of recovery is a cause of action, and not a mere defense;" and, as argued by appellee's counsel, this cause of action did not exist when appellant took his judgment on the $72 note, but accrued afterwards when appellee paid said judgment. It was then appellant, in the language of the statute, "collected and received" the unlawful interest which gave to appellee his cause of action to recover the penalty. Hence no question of former adjudication arises on the facts. Appellee could not have set up his "cause of action" in the suit of appellant against him on the note because he had not paid the unlawful interest or any portion of it; and he does not attempt to assail the judgment rendered thereon, nor will the relief he seeks annul or in anywise modify said judgment. It has been submitted to and satisfied. (Shirley v. Trobus (Ky.), 2 S. W., 656.) Under the case of Rosetti v. Lozano, *supra,* it would seem that, where a party has paid the unlawful interest at the time he is sued on the debt, he may, by cross-action in such suit, recover the statutory penalty for collecting such interest; but he is not compelled to file such cross-action to avoid an adjudication of such right against him. He may, at his election, in such case file the cross-action, or by an independent suit seek a recovery of such penalty. That the Act of the Thirtieth Legislature amending article 3106 of the Revised Statutes is prospective, operating only upon the payments of usury after the Act took effect, or does not change the penalty for charging and receiving usurious interest, is affirmed respectively by the cases of Stewart v. Lattner, 53 Texas Civ. App., 330 (116 S. W., 860), and Baum v. Daniels, 55 Texas Civ. App., 273 (118 S. W., 754).

The other assignments need not be discussed. We have carefully examined them, and such as have not been disposed of by what has already been said point out, in our judgment, no reversible error. Believing that a just and proper judgment has been rendered in the case, it is in all things affirmed.

*Affirmed.*