ANTOINETTE RABE, Appellant, v. SAMUEL GOTTLIEB and Another, Respondents, Impleaded with "JOHN DOE" and "RICHARD ROE," Said Names Being Fictitious, Real Names Unknown to Plaintiff, Defendants.

First Department, January 16, 1925.

Summary proceedings to dispossess — property is situated in New York city and is used as garage — landlord claims that tenant is one at will or by sufferance — proceeding was instituted more than thirty days after service of notice under Real Property Law, § 228.— tenant claimed under lease purchased on foreclosure of mortgage thereon — warrant in proceedings to dispossess under original lease was executed with knowledge and at request of purchaser of lease — purchaser's rights as tenant under written lease terminated — repudiation by tenant of alleged new lease made tenant one at will or by sufferance — error to dismiss petition.

It was error for the court to dismiss the petition of a landlord in summary proceedings to dispossess instituted against tenants on the theory that the tenants were holding over without permission as tenants at will or by sufferance after the lapse of thirty days following the service of the notice to quit the premises, under section 228 of the Real Property Law, where it appears that one of the tenants against whom this proceeding was instituted, claimed to hold as the

purchaser on the foreclosure of a mortgage on the original lease; that in summary proceedings to dispossess under the original lease a warrant of dispossession was executed with the knowledge and at the request of the purchaser of the lease; and that an alleged subsequent lease between the landlord and the purchaser of the original lease was repudiated by the purchaser who continued to remain in possession of the premises and paid rent therefor for several months at the rate established in the original lease.

The execution of the warrant in the summary proceedings to dispossess under the original lease terminated conclusively all the rights of the purchaser on the mortgage sale under the mortgage of that lease, and since he repudiated an alleged subsequent lease and refused to pay the rent fixed by it, which repudiation was acquiesced in by the landlord, the term fixed by the alleged subsequent lease was then ended, and the tenancy became one at will or by sufferance, which was terminated at the end of thirty days after the service of a written notice upon the tenant requiring him to quit the premises, and the landlord had the right to institute proceedings to dispossess under section 1410 of the Civil Practice Act.

APPEAL by the plaintiff, Antoinette Rabe, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 1st day of May, 1924, affirming a final order and judgment of the Municipal Court of the City of New York, Borough of Manhattan, Sixth District, in favor of the respondents in summary proceedings to dispossess.

*Tobias A. Keppler* [*Henry S. Dottenheim* of counsel], for the appellant.

*Alexander A. Mayper*, for the respondent Gottlieb.

BURR, J.:

The landlord, Antoinette Rabe, alleges in her petition that on the 5th day of May, 1919, she leased in writing to De Forest and Cypher the premises known as 416 East Seventy-sixth street, in the borough of Manhattan, city of New York, for a term of five years commencing on June 1, 1919, at the yearly rent of $2,200, with an option to the said De Forest and Cypher to renew for an additional term of five years at a yearly rent of $2,400, payable in equal monthly installments in advance; that said lease was duly recorded in the office of the register of the county of New York on the 21st day of October, 1919; that thereafter, and while the tenant Samuel Gottlieb was in possession of said premises, claiming to be a purchaser at a foreclosure sale of the rights of the tenants under the said lease of May 5, 1919, which fact was then unknown to the petitioner, a summary proceeding was commenced by the landlord against " John " Hermele, tenant, said " John " Hermele being an assignee of all of the rights of the said De Forest and Cypher in said lease for non-payment of rent

under the lease for the month of May, 1923; that upon the default of said " John " Hermele in said proceeding, a warrant of dispossess was duly issued therein against the said " John " Hermele; that upon the execution of the said warrant of dispossess by the marshal on the 1st day of June, 1923, the tenant, Samuel Gottlieb, then and there claimed to be entitled to the possession of the said premises under an alleged purchase of the rights of the said " John " Hermele upon an alleged foreclosure sale of the said lease; that the landlord insisted upon the execution of said warrant and denied the right of the said Gottlieb to possession of the premises; that the said tenant, Samuel Gottlieb, stated and represented to the landlord that he wished to foreclose finally and forever any rights which the said Hermele might have to said lease and that if the marshal would execute the warrant against the said Hermele, and in view of the dispute with Hermele as to his own right to possession, he, Gottlieb, would execute a new lease to the premises, but that for certain reasons then stated, he wished the lease to be in the name of his employee, Alvin Stock, named as tenant herein; that the said tenant Alvin Stock was his dummy and agent; that the said tenant Gottlieb then and there surrendered the said premises to the landlord herein, and the said marshal ousted the tenant, Samuel Gottlieb, from the possession of the said premises and executed said warrant; that thereupon an agreement in writing was made between the landlord and the tenant, Alvin Stock, for a valuable consideration, wherein and whereby it was agreed that the landlord should execute and deliver to Alvin Stock or his designee a lease containing all the terms and conditions contained in the said lease made between the landlord herein and De Forest and Cypher, hereinbefore referred to, for a term of six years from June 1, 1923, at a rental, however, of $250 per month.

The agreement is attached to and made part of the petition and reads as follows:

" In consideration of the sum of $60.00 paid to Antoinette Rabe, receipt whereof is hereby acknowledged, it is agreed and understood as follows:

" Antoinette Rabe as Landlord will execute and deliver to Alvin Stock or his designee a lease containing all the terms and conditions but for a term of six years from June 1, 1923, as in the lease made between Antoinette Rabe and DeForest and Cypher, recorded in Liber 3099 of Conveyances at page 269, at a rental, however, of $250.00 per month and provided that said lease shall permit the unrestricted assignment and subletting thereof.

" That said lease shall, instead of the present clause providing

for security $550.00, provide for a security of $250.00 for the faithful performance of the terms thereof.

" That said lease shall provide that upon assignment thereof the tenant shall pay to the landlord the sum of $750.00.

" Said lease to contain no renewal clause.

" (Signed)      ALVIN STOCK

" ANTOINETTE RABE

" By August W. Rabe."

The petition further alleges: That the tenants thereafter refused to perform said agreement and repudiated the same, and refused to be bound thereby and refused to pay the rent provided for thereunder and thereby the landlord became entitled to treat the tenants as tenants at will or at sufferance; that neither of the tenants ever paid the rent reserved in the said new lease; that by reason thereof the term of the tenants ceased and expired long prior to the 15th day of December, 1923, and that the said tenants were tenants at sufferance prior to December fifteenth, and continued in the possession of the premises without the permission of petitioner, and held the premises at sufferance or at will; that on the 14th day of December, 1923, the landlord duly served upon the tenants, Alvin Stock and Samuel Gottlieb, a written notice to remove from said premises on or before January 15, 1924, pursuant to section 228 of the Real Property Law, and in conformity with its provisions. Copy of the notice is attached to the petition. Petitioner prays for a final order removing said Gottlieb and said Stock and every other person in possession of said premises.

The defendant Gottlieb appeared and answered. The defendant Alvin Stock did not appear or answer and his default was duly noted on the trial. The proceeding was brought on for trial in the Municipal Court before a justice thereof and a jury. Before offering any testimony, plaintiff's counsel stated: " In order to save time, we have agreed as to what happened before Judge Marks in April. That was the first proceeding. Judge Jacob Marks, of the Municipal Court, was sitting in the Sixth District — this occurred in April, 1923. During that month a summary proceeding for non-payment of rent for April, 1923 — which fell due April 1, 1923, and amounted to $183.33, was instituted by the landlord through Mr. Keppler against the S. & H. Garage Corporation, operated by a man by the name of Hermele. When the proceeding was reached in court on April 18th, Hermele said that he was ready to pay rent. Thereupon Samuel Gottlieb, the tenant in this proceeding now before the court, informed the

11

First Department, January, 1925.          [Vol. 212

Court that he had purchased the lease at a foreclosure sale under a judgment of the Supreme Court and that he was entitled to possession and was ready to pay the rent, to wit, $183.33, and Gottlieb stated that he had in his possession a certified copy of the Supreme Court judgment, under which said Gottlieb claimed to have purchased said lease, a certificate of sale from the Sheriff of New York County, and a certified copy of the lease. Judge MARKS said that he could not decide this. He asked Rabe from whom he got the rent the last month and Rabe said from Hermele. Judge MARKS then said, ' Take the rent from Hermele,' and Hermele paid him the rent. That was what happened in April."

The judgment roll in the summary proceeding for the non-payment of the May rent entitled, *Rabe, Landlord,* v. *Hermele, Tenant,* was offered. by the plaintiff and received in evidence. From this it appears that on the return day of the precept to show cause, May 22, 1923, the landlord appeared in that proceeding and demanded the rent or possession of the said premises. The tenant Hermele appeared and a final order was made on the 22d day of May, 1923, in favor of the said landlord awarding to her the delivery of the said premises by reason of the non-payment of the said rent and a warrant was thereafter and on the 1st day of June, 1923, duly issued, and further, it appears by the return of the marshal dated June 1, 1923, that " pursuant to the command of the within warrant I have this day put the petitioner in said petition named, in full possession of the premises within mentioned."

Nathan Finkelstein, a lawyer who formerly represented the landlord, testified on behalf of the plaintiff, landlord, that he accompanied the marshal on June 1, 1923, to the premises, 416 East Seventy-sixth street, as did also Mr. Rabe, the husband of the landlord. When they got there they found Mr. Gottlieb, Mr. Wolf, his lawyer, and an employee of Mr. Gottlieb named Alvin Stock, named as a defendant .in the present proceeding. The marshal announced in the presence of Mr. Gottlieb that he had a warrant to dispossess all the occupants of that building. Mr. Gottlieb stated that Mr. Wolf was his lawyer. " Mr. Wolf asked me to adjust this matter. * * * We also spoke about several propositions; tried to negotiate and after several times there we finally said that Mr. Gottlieb was to enter into a new lease for a period of six years at a rental, I believe, of two hundred and fifty dollars a month." He also said that a warrant was to be executed. " He said the reason he wanted it executed was because there was an appeal pending between Gottlieb and Hermele, if I am not mistaken, as to some question of ownership of the lease." The

warrant was to be executed and Mr. Gottlieb was to pay the marshal for executing same. He was to pay the landlord's attorney's fee and the insurance. " Mr. Wolf suggested that we are to make a formal lease up, but in the meantime we are to make a certain paper which we drew up in the presence of both parties, incorporating the terms of the future lease." Mr. Gottlieb said at the time that instead of making it in his name he wanted it in the name of Alvin Stock, a man who was working for him. " I asked him the reason and he said he was going to incorporate a garage at that place and his lawyer was drawing up the certificate of incorporation and he wanted Alvin Stock to assign the rights under that paper to this corporation." Mr. Wolf wrote out this paper and the witness copied one from it. The one shown to the witness was in his own handwriting, but he copied it from the paper which Wolf drew up. Mr. Stock signed the paper in the presence of the witness while Mr. Gottlieb was there. This paper, being the agreement dated June 1, 1923, set forth in the petition, was offered and received in evidence. The check made out by Gottlieb at that time to the order of the landlord for $546.85 was offered and received in evidence. The amount of the check was made up, according to the witness, $250 for the month of June; the marshal's fee for executing the warrant, $10; the water tax, $23; the insurance, $80.19, and Mr. Rabe said to Mr. Gottlieb, " why should he lose a month's rent for the month of May for the time that the warrant was issued and the marshal had the warrant to execute, and Mr. Gottlieb said he would pay for that, which amounted at that time to $183.33. Mr. Gottlieb computed all these amounts at $548.85 and sat down and wrote out this check in the presence of Mr. Gottlieb and myself and he wrote ' Rent from May 1, 1923, $183.33,' and then in his handwriting he wrote the balance of this computation which appears on the side of the check. * * * He wrote all those items. In the midst of these items he said: ' I made a mistake,' and put down ' Rent for the month of June $183.33.' and asked Gottlieb if he had another check and Gottlieb said he had no other check. So he then said, ' I will put down ' ' extra,' making up the difference between $183.33 and $250, which was $67, and he put down, ' extra $67,' and he added it all up and put down $546.83. I thought it was an honorable deal and that is all I know about it."

On cross-examination the witness testified in reference to the check that he saw Mr. Wolf draw it and saw him write the entries on the margin. Mr. Wolf said there was an appeal pending between Hermele and Gottlieb and that was the reason he wanted the warrant executed. Mr. Gottlieb made the suggestion that the

proposed lease be made in the name of Mr. Stock, that he expected to incorporate. Mr. Gottlieb said: " I want it [the agreement] in the name of Alvin Stock and he can turn it over to the corporation I am going to incorporate." There was some talk between the witness and Wolf on that occasion in which Wolf said to him that Gottlieb was in possession by virtue of a certificate of sale from the sheriff of the county of New York for a foreclosure of mortgage. " He spoke to me something about that."

August W. Rabe, a witness called by plaintiff, testified that he is the husband of Mrs. Rabe, the plaintiff, and is her representative; he was present at the meeting in the garage on June 1, 1923, and was present when the agreement was signed. " The check was drawn for two months' rent, that is, one for one month's rent of $183.33 and the June rent, $250, or supposed to be $250." The check was made out that way. " He [Finkelstein] said: ' I will put in that $67 to make that $250,' making it thirty-three cents more." This paper (the agreement dated June 1, 1923) was executed " at the same time they gave [me] that check.'" The check is for $546.85. It recites in the margin the following items: Rent due May 1, 1923, $183.33; rent due June 1, 1923, $183.33; marshal's fee, $10; extra, $67; 1923 water tax, $23; insurance bill, $80.19; total, $546.85.

On cross-examination he testified: " Q. Now, after you received this check of June 1, 1923, did Mr. Gottlieb remain in possession of the garage? A. Oh, yes, sure. Q. You were satisfied then that he should remain there, weren't you? * * * A. As per agreement. Q. Did you understand that he paid the rent for June? A. Yes. Q. Were you satisfied that he should remain there during the month of June? A. He was there then. He told me he was in possession at that time. Q. That was perfectly agreeable to you? A. I couldn't understand when he was there — no; not quite agreeable. Counsel for plaintiff: After you signed this new lease? The witness: Yes; sure." It is conceded by plaintiff's counsel that Gottlieb was there by permission in the month of June, and that he paid the rent.

In answer to questions by the court the defendant Gottlieb disavowed any claim to possession under the agreement of June 1, 1923. " The Court: I understand that you do claim that Gottlieb is entitled to remain in possession under the first lease? Counsel for defendant: That's all. The Court: Then you make no claim under the second lease? Counsel for defendant: We make no claim under the second lease. * * * I claim possession under the first lease. The Court: But not under the second lease? Counsel for defendant: No."

Rabe identified a number of checks which defendant offered in

evidence. These checks in the sum of $183.33 each, were received by Rabe, landlord, from the tenant Gottlieb for the months of July, August, September and October. The witness also identified two other checks in the same amount for the months of November and December which had been sent by Gottlieb but which were returned by the landlord.

The attorney for the landlord, called as a witness, testified that the checks received by the landlord were paid and received without prejudice pursuant to a stipulation entered into at the suggestion of the justice before whom another proceeding against Gottlieb was pending in August, 1923, which proceeding was not terminated until November, 1923.

Defendant conceded that on the 14th day of December, 1923, due service had been made personally on defendants of the thirty-day notice requiring defendants, both of them, to remove from the premises on or before the 15th day of January, 1924.

At the close of the plaintiff's case the defendant moved to dismiss the petition, which motion the court granted, saying, " In the opinion of the court the landlord has failed to establish the allegations of his petition that the tenants are tenants at will or by sufferance." This we think was error.

It is clear from the evidence presented by the petitioner that the first or original lease was terminated and that all rights of Hermele and Gottlieb thereunder were extinguished through the execution by the marshal of the warrant of dispossess against Hermele on June 1, 1923, at the suggestion and with the knowledge, consent and approval of Gottlieb, in order that he, Gottlieb, might secure a new lease of the premises for himself through his dummy, Alvin Stock. This new lease was to be turned over by Stock to the corporation Gottlieb was organizing. Gottlieb's claim to tenancy or right of possession under the old or original lease, in view of this evidence, must fail.

It is conceded on the record that Gottlieb does not claim under, but on the contrary repudiates and disaffirms, the lease agreement of June 1, 1923, under which he entered into possession with the permission of the landlord, and under which he paid $250 rent for the month of June, 1923. Disaffirming and treating as a nullity the agreement of lease dated June 1, 1923, he refuses to pay the rent fixed by its terms. The landlord acquiesces in the disaffirmance by the tenant of the lease agreement of June 1, 1923. The lease agreement being thus disaffirmed, the term fixed by such lease agreement was thus ended and the tenancy became one at will. (*Altschuler* v. *Lipschitz*, 113 N. Y. Supp. 1058, and cases cited; *Lawrence* v. *Goodstein*, 91 Misc. 19.)

" A party who goes into possession of land under an agreement to take a lease and without paying rent becomes a tenant at will. * * * Occupancy under an oral agreement which the parties agreed to reduce to writing creates a tenancy at will if the agreement is not put in writing. Where the minds of the parties have not met as to the terms of the lease, the occupancy of the prospective tenant is at the will of the lessor." (35 C. J. 1125.)

Alvin Stock, the tenant named in said lease agreement, has defaulted. Gottlieb, for whose benefit said lease agreement was entered into, now holds over and continues in possession of the demised premises without the consent of the landlord.

By article 83, section 1410, of the Civil Practice Act, relating to summary proceedings to recover possession of real property, it is provided: " In either of the following cases, a tenant or lessee at will, or at sufferance * * * may be removed therefrom, * * * 1. When he holds over and continues in possession of the demised premises * * * after the expiration of his term without the permission of the landlord."

The property here in question is not occupied for dwelling purposes but is used and occupied as a garage, hence the restrictive provisions of section 1410, subdivision 1-a, of the Civil Practice Act do not apply. Due notice has been served upon the defendant tenants in accordance with the provisions of section 228 of the Real Property Law, which reads as follows: " A tenancy at will or by sufferance, however created, may be terminated by a written notice of not less than thirty days given in behalf of the landlord, to the tenant, requiring him to remove from the premises; * * *. At the expiration of thirty days after the service of such notice, the landlord may re-enter, maintain ejectment, or proceed, in the manner prescribed by law, to remove the tenant, without further or other notice to quit." This notice the landlord has given.

The petitioner landlord made out a *prima facie* case entitling him to the relief sought. The motion to dismiss the petition at the end of petitioner's case should not have been granted. In granting it the court erred.

The determination appealed from and the judgment of the Municipal Court should be reversed, and a new trial ordered, with costs to the appellant in all courts to abide the event.

Clarke, P. J., Dowling, Merrell and Martin, JJ., concur.

Determination appealed from and final order and judgment of the Municipal Court reversed and a new trial ordered, with costs to appellant in all courts to abide the event.