BENJAMIN GOLDMAN, Plaintiff, *v.* HENRY RUBENSTEIN, Defendant.

Supreme Court, Kings Special Term, March 16, 1925.

Brokers — real estate broker — action to recover four times amount received by defendant as commission on sale of parcel of plaintiff's real estate as penalty under Real Property Law, § 442-f — defendant, though not licensed as real estate broker under Real Property Law, § 442-a, recovered judgment in action for commission — plaintiff's failure to raise question of license on trial does not bar action for penalty — right to sue for penalty did not arise until after broker had received his commission — plaintiff entitled to penalty for minimum amount allowed by statute.

Plaintiff is entitled to judgment, in an action against defendant, a real estate broker, to recover a penalty under section 442-f of the Real Property Law equal to four times the amount received by said broker as commission upon the sale of a parcel of plaintiff's real estate, though the broker, notwithstanding the fact that he was not licensed as a real estate broker pursuant to section 442-a of the Real Property Law, recovered a judgment in an action for the said commission upon a trial at which plaintiff failed to raise the question of license, since plaintiff's right to sue for said penalty did not arise until after the broker received the commission.

However, plaintiff's judgment should be limited to the minimum amount allowed by the statute, since the broker performed his services in bringing about a sale and there are no circumstances in the case to call for extraordinary punishment.

MOTION by both parties for judgment in an action against a real estate broker to recover a penalty under section 442-f of the Real Property Law.

*Nathaniel H. Kramer,* for the plaintiff.

*Reuben Dorfman,* for the defendant.

CALLAGHAN, J.:

The plaintiff and defendant each moves for judgment. The facts are not disputed. The defendant procured a purchaser for a drug store owned and conducted by the plaintiff and in connection therewith sold a lease which had five years to run. One acting as a broker for the sale of such a lease should be licensed, under the provisions of section 440-a of the Real Property Law, and no action can be maintained to collect commissions earned on such a sale unless the broker has first procured a license. (Real Prop. Law, § 442-a; *Roman* v. *Lobe,* 212 App. Div. 162.) This defendant was not licensed as a real estate broker at the time he brought an action in the Municipal Court where he recovered the full amount claimed. This judgment was affirmed on appeal to the Appellate Term. The question of the broker's right to recovery was not raised in the Municipal Court. After payment of that judgment by this plaintiff he sues to recover a sum equal to four times the sum received by the defendant as a penalty under the provisions of section 442-f of the Real Property Law. One who receives a commission as a real estate broker, without having first procured a license, is guilty of a misdemeanor. (Real Prop. Law, § 442-f.)

The defendant here contends that by the plaintiff's failure to raise the question of the broker's right to recover in the Municipal Court action, he waived any defense on that ground and consequently has no cause of action here. That contention necessarily overlooks the proposition that there was no right to recover the amount of the commissions until they were first paid, and that although the plaintiff might have successfully raised the question of the broker's right to recover, he could not have presented his claim for a recovery under the statute. The right to a recovery here is based upon the penalty provision of the statute. The right to sue for the penalty did not arise until after defendant received the commission. It is a separate and distinct cause of action and, inasmuch as it could not have been presented in the action brought by the broker for his commission, it could not be held that that issue was determined in the former action. The right to payment

of a commission gives a right to one cause of action. The right to recover a penalty gives rise to another and entirely different cause of action. Questions similar to this have usually arisen in actions to recover the amounts paid as usury. In *Wheelock* v. *Lee* (64 N. Y. 242) one who had paid usury recovered the amount so paid. In *Long* v. *Moore* (59 Tex. Civ. App. 579) a recovery was allowed for usurious interest after judgment on a note including usurious interest, and in Vermont usury included in mortgage notes after a judgment of foreclosure. (*Grow* v. *Albee*, 19 Vt. 540. See, also, *Sherley* v. *Trabue*, 85 Ky. 71; *Rosetti* v. *Lazano*, 96 Tex. 57.)

Only questions of law are presented. The facts are not disputed. A trial, therefore, is unnecessary. The statute provides, as has already been said, that one who has received commissions under the circumstances here disclosed is liable to a penalty of not less than the amount of money received as such commissions and not more than four times said sum, as may be determined by the court. The statute leaves a wide discretion to allow anything between the minimum and the maximum. This defendant performed his service in bringing about a sale. He must suffer only because of the penalty provided by statute, and there are no circumstances here to call for extraordinary punishment, and the minimum allowed by the statute is the amount which plaintiff may recover here, to wit, $875, together with the costs of this action. The defendant's motion for judgment on the pleadings is denied.