J. G. WHITLOW v. A. H. CULWELL, ADMINISTRATOR.

Delivered May 1, 1897.

**Usury—Compromise—Penalty.**

A compromise of a suit on a note in which the plea of usury had been interposed eliminates the feature of usury, and the defendant can not thereafter maintain an action for the penalty provided by the statute.

APPEAL from Parker. Tried below before Hon. J. W. PATTERSON.

*H. S. Moran,* for appellant.

*B. G. Bidwell* and *A. B. Flannery,* for appellee.

TARLTON, CHIEF JUSTICE.—John W. Ross, appellee's intestate, brought this suit against the appellant to recover under the statute double an amount of money alleged to have been paid by Ross to Whitlow as usurious interest. Ross dying pending the suit, the appellee, as his administrator, prosecuted it to judgment in the sum of $560, from which Whitlow has appealed.

On October 31, 1893, Ross executed his note to Whitlow, payable in one year, for the sum of $2480. Of this amount $2000 represented money loaned by Whitlow to Ross, and $480 represented interest at the rate of 24 per cent for the one year. As a method adopted by the parties to secure the note, Ross conveyed to appellant his business homestead, a storehouse in Weatherford. His wife did not join in the conveyance. At the same time the appellant reconveyed the property to Ross, retaining a vendor's lien for the $2480 note.

The note maturing, Whitlow sued upon it, seeking a foreclosure of his lien. His suit was met with the defense (1) that the property was the homestead of Ross, and that the purported lien was a nullity, as the result of a scheme to mortgage the homestead; and (2) that the loan was usurious. This suit, with the matters incident thereto, was compromised and adjusted between the parties in this way: The suit was dismissed, each party paying one-half the costs. The note was surrendered, and Ross and his wife executed to Whitlow a deed to the property, reciting a consideration of $7000 in hand paid, consisting of $4100 cash and "the full release and discharge of a certain note dated October 31, 1893, due one year after date, for the sum of $2480, payable to John G. Whitlow and signed by myself, and the dismissal of a suit on said note now pending in the District Court of Parker County, Texas."

The consideration of $7000 recited in the deed was by virtue of an agreement between the parties, but no valuation of the property was in fact agreed upon, and the record does not disclose its value. The note was returned by Whitlow to Ross, and some time afterwards the latter met Whitlow upon the street, and producing the note, requested him to indorse satisfaction upon it, which was accordingly thus done: "This note satis-

fied in full, and deed executed to me by Ross and wife. (Signed) J. G. Whitlow."

Article 3106, Revised Statutes, under which this suit is brought, reads thus: "If usurious interest, as defined by the preceding articles, shall hereafter be received or collected, the person or persons paying the same, or their legal representatives, may by action of debt, instituted in any court of this State having jurisdiction thereof, within two years after such payment, recover from the person, firm, or corporation receiving the same, double the amount of the interest so received or collected."

It devolved upon the plaintiff, suing to recover a penalty, to bring himself strictly within the terms of the statute. Murray v. Railway, 63 Texas, 413, and authorities there cited.

We hold, under the foregoing facts, that he has not discharged this burden. We are of opinion that the transaction involved not the receiving or collecting of usurious interest, but the compromise and settlement of litigation in which usury had been pleaded; that the feature of usury which characterized the dealings between the parties in their inception should be regarded as having been eliminated by their voluntary agreement and adjustment. As said by Justice Stayton, in Gilliam v. Alford, 69 Texas, 271, cited by the appellant, "Voluntary settlements are so favored, that if a doubt or dispute exist between parties with respect to their rights, and all have the same knowledge, and there is no fraud, a compromise into which they have voluntarily entered must stand and be enforced, although the final issue may be different from that which was anticipated, and the disposition different from what the court would have decreed."

So, a right to sue for usurious interest paid may be the subject of compromise and adjustment. Stout v. Bank, 69 Texas, 392.

As the issue of usury should be deemed to have been settled by the agreement and adjustment, including within its scope the plea of usury which had been interposed, no cause of action existed for the penalty prescribed by the statute. Hence the judgment should be reversed and here rendered for the appellant, and this disposition is ordered.

*Reversed and rendered.*

HUNTER, J., disqualified and not sitting.