JENNIE W. NEILL ET AL. v. A. M. KLEIBER ET AL.

Decided July 1, 1908.

**1.—Power of Attorney—Deed—Construction.**

On the 9th day of April, 1872, N. executed to T. a power of attorney to sell, contract and convey a certain tract of land containing 640 acres, giving to said agent "full power by this to do with the said land as if the same was his own property, for so doing this shall be a full warrant and power of attorney." At that time T. held a lease of the same land from N. for a term of ninety-nine years; shortly thereafter T. executed a deed to said land to K. which contained the following recital in setting out the chain of title, "And sold by N. to K. as per power of attorney to T. dated at Galveston April 9, 1871, and accompanying this deed for record, all of which deeds, power of attorney and certified copy of patent are hereby delivered and declared part of this conveyance." This deed was signed by T. in his individual capacity. Held, the deed on its face indicated an intention on the part of T. to convey the fee simple title of N. and not only the leasehold interest of T.

**2.—Same—Clerical Error.**

In a deed by an attorney in fact the name of his principal was stated as "A. H." instead of "A. N." and the date of the power of attorney under which the agent was acting was stated to be "1871" instead of "1872." Held, unimportant clerical mistakes, in the light of the context and other evidence.

**3.—Power of Attorney—Signature.**

The fact that an attorney in fact signs only his own name to a deed will not make it his individual act when it is apparent from the body of the deed that it was his intention to act as agent for the owner of the land.

**4.—Deed—Construction—Contemporaneous Interpretation.**

The contemporaneous and subsequent conduct of parties to a deed is material and significant in arriving at a proper construction or interpretation of the same when doubtful.

**5.—Power of Attorney—Authority—Sale on Credit.**

When an agent is given authority in a power of attorney to sell land, "to do with the said land as if the same were his own property," a sale by him on credit and for a consideration which inured to his own benefit alone, will be valid.

**6.—Finding of Fact—Doubtful Meaning—Construction.**

When a finding of fact by a trial judge is of doubtful meaning, such meaning or construction will be given it as will support the judgment rendered thereon.

Appeal from the District Court of Montgomery County. Tried below before Hon. L. B. Hightower.

*John Hamman* and *John B. Warren,* for appellants.—The court erred in overruling and not sustaining plaintiffs' objections to the introduction in evidence of the deed from John F. Torry to Alice Ann Kleiber, of date April 18, 1872. Hill v. Conrad, 91 Texas, 341; Weir v. Smith, 62 Texas, 13; Hunter v. Eastham, 95 Texas, 648; Palmer v. Texas Tram & Lbr. Co., 3 Texas Civ. App., 469; Frost v. Erath Cattle Co., 81 Texas, 506; Reese v. Medlock, 27 Texas, 123; Morton v. Morris, 27 Texas Civ. App., 262; Baldridge v. Scott, 48 Texas, 190; Skaggs v. Murchison, 63 Texas, 348; Wynne v. Parke, 30 S. W., 52; Gulf, C. & S. F. Ry. Co. v. Poindexter, 70 Texas, 107; McAlpine v. Cassidy, 17 Texas, 450; Parsons Contracts, 58; 2 Kent Com., 622; Story, Agency, 77; 1 Am. & Eng. Ency. of Law, p. 360, 2d ed.; Rhine v. Blake, 59 Texas, 240; Woodward v. Jewell, 140 U. S., 253; 35 L. Ed., 478; Kleinhans v. Jones, 15 C. C. A., 644; 68 Fed., 746.

The power of attorney from Andrew Neill to John F. Torry did not authorize the said Torry to sell the land on a credit and take notes therefor payable to himself (Torry), and a sale thereof on such terms did not convey the interest of Andrew Neill. Hunter v. Eastham, 95 Texas, 648; Palmer v. Texas Tram & Lbr. Co., 3 Texas Civ. App., 469; Frost v. Erath Cattle Co., 81 Texas, 506; Reese v. Medlock, 27 Texas, 123; Morton v. Morris, 27 Texas Civ. App., 262; Skaggs v. Murchison, 63 Texas, 348.

*A. R. & W. P. Hamblen,* for appellees.

REESE, ASSOCIATE JUSTICE.—This is an action in trespass to try title by Jennie W. Neill and Charles Neill, widow and son respectively, and heirs-at-law of Andrew Neill, deceased, against A. M. Kleiber and his wife, A. A. Kleiber, to recover 640 acres of land, being the same granted

to Joseph Sovereign for services as a soldier at the battle of San Jacinto, and patented to him by the State of Texas July 27, 1848.

The case was tried without a jury, and judgment for defendants, from which plaintiffs appeal. There is in the record an agreed statement of facts, and also conclusions of fact and law by the trial court, from which the following facts appear:

The land was surveyed for Joseph Sovereign, by virtue of a certificate issued to him as a soldier in the battle of San Jacinto, at some date prior to April 20, 1839. On that date Sovereign executed to J. F. Torry a conveyance of the land "for and during, and unto the full end and term of ninety-nine years from the date of the conveyance." In all of the proceedings this instrument is spoken of as a lease. The land was patented to Sovereign in 1848.

On March 21, 1855, Torry conveyed the land to J. DeCordova, and on January 24, 1857, DeCordova conveyed to A. M. Gentry, who in turn, on February 15, 1861, conveyed it back to J. F. Torry.

On March 14, 1871, Joseph Sovereign conveyed the land to Andrew Neill, and on April 9, 1872, Andrew Neill executed to John F. Torry the following power of attorney:

"I, Andrew Neill, of Galveston County, do hereby authorize and empower John F. Torry, of Comal County, to sell, contract and convey all or any part of the Joseph Sovereign tract of land, being 640 acres in Montgomery County, Texas, on the San Jacinto river, the same being held under my title from said Sovereign, and said agent has full power by this to do with the said land as if the same was his own property, for so doing this shall be a full warrant and power of attorney.

"Witness my hand this 9th day of April, 1872.

                                                        "A. Neill."


On April 18, 1872, J. F. Torry executed to Alice Ann Kleiber a conveyance of the land as follows:

"The State of Texas, County of Harris.

"Know all men by these presents, that we, Andrew Heill, of the county of Galveston, in the State of Texas, and John F. Torry, of Comal County, in the State of Texas, in consideration of the sum of $500 in gold to us paid by Alice Ann Kleiber, of the county of Harris, in the State of Texas, and the further consideration in the premises hereinafter entered into and stipulated, have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto the said Alice Ann Kleiber, all that tract of land situated and described as follows:

"In Harris District, on the west bank of the San Jacinto river, beginning at a black-jack, the N. E. corner of F. Woodruff's sur.; thence W. with its northern boundary 3232 vrs. to a pine on a line run by the surveyors of Montgomery County; thence north with said line 1438 vrs. to a hornbeam, from which a dogwood brs. N. 10 W. 5 vrs., a hollow brs. N. 18 vrs.; thence E. 1640 vrs. to a stk. on the San Jacinto river; thence down the river with its meanders to the beginning, containing 640 acres, more or less, situated in Montgomery County, in the State of Texas, and is the grant made to Joseph Sovereign for services at the

battle of San Jacinto, and is No. 122, vol. 1, and is the same tract of land leased by Joseph Sovereign to John T. Torry for 99 years, per records of Harris County, book 'R,' p. 594, and sold by J. F. Torry to J. DeCordova, per records in Montgomery county, book 'S,' pp. 200-0, and sold by J. DeCordova to A. M. Gentry, to John F. Torry per records in Montgomery County, book 'Y,' p. 99, and sold by Joseph Sovereign to Andrew Neill in fee simple by deed dated at Galveston March 14, 1871, and of record in Montgomery County, book 'Y,' pp. 477-8, and sold by Andrew Neill to Alice Ann Kleiber, as per power of attorney, to John F. Torry, dated at Galveston, April 9, 1871, and accompanying this deed for record, all of which deeds, power of attorney and certified copy of patent are hereby delivered and declared part of this conveyance, together with all and singular the rights and incidents thereto appertaining.

"To have and to hold, all and singular, the aforesaid premises unto the said Alice Ann Kleiber, her heirs and assigns forever, hereby warranting title to the same unto her, the said Alice Ann Kleiber, provided Alice Ann Kleiber pays the notes for the.purchase money, to secure the payments of which a lien is retained, which notes are of even date with these presents, and payable to John F. Torry, and are, severally, one note payable ninety days after date for $500 gold, another note payable January 1, 1873, for $1,000 gold, and another for $1,000 gold, payable July 1, 1873.

"In testimony whereof we hereto sign our names and affix scrolls for seals this 18th day of April, 1872.

"Witnesses:
  "D. W. Shannon,
  "John E. Gary.       .    "(Signed) John F. Torry ˙(L. S.)"

This instrument was acknowledged by Torry in his individual capacity only. All of the foregoing instruments were duly recorded in Montgomery County where the land lay.

When Torry executed the deed to Mrs. Kleiber he delivered to her all of the foregoing recited muniments of the title, and they were in her possession or that of her attorneys, procured from her, at the trial.

Appellees are the only heirs of the grantees in the deed from Torry above recited. Appellants are heirs-at-law of Andrew Neill, who died in 1883, and entitled to recover, unless the deed from Torry to Kleiber, together with the power of attorney, passed Neill's title. Kleiber, after the execution of the deed to Mrs. Kleiber, cut the timber off of the land, and exercised other acts of ownership for four or five years, being engaged in the saw-mill business at the time.

Neither appellants nor appellees have paid any taxes on the land since 1885 so far as is shown by the tax records of Montgomery County, and it is not known whether either party paid any taxes prior to that time except that Kleiber paid the taxes for the year 1881.

Appellants never knew anything about the transaction between Andrew Neill and Torry, and never heard Neill mention it in any way. Neill was a land agent, engaged largely in buying and selling lands. He died in 1883.

The notes described in the deed from Torry to Alice Ann Kleiber, and

payable to John F. Torry, were paid by Kleiber, part in merchandise and part in money, to Torry.

The issues turn almost altogether on the effect of the deed from Torry to Kleiber, whether it was intended by Torry thereby to pass the title of Andrew Neill under the power of attorney; and if so, whether the sale on credit, and the payment of the notes in money and merchandise to Torry's own use, was a valid exercise of the power.

The first assignment of error is addressed to the admission in evidence, over appellants' objection, of the deed from John F. Torry to Alice Ann Kleiber. This deed is set out in full above, together with the power of attorney of Andrew Neill to Torry. The first proposition stated is that it appeared, from the face of the deed, that Torry did not intend thereby to act under the power of attorney from Neill. This proposition is not sound. The deed contains this recital in setting out the chain of title: "And sold by Andrew Neill to Alice Ann Kleiber as per power of attorney to John F. Torry, dated at Galveston April 9, 1871, and accompanying this deed for record, all of which deeds, power of attorney and certified copy of patent are hereby delivered and declared part of this conveyance." The date "1871" is evidently a clerical error, as is the name in the beginning of the deed, "Andrew Heill," instead of "Neill," which is clearly shown by the deed itself, in the further reference to "Andrew Neill" as the grantor in the power of attorney. It was shown that all of these muniments of title, including the power of attorney, were delivered up to Mrs. Kleiber by Torry, and were in the hands of her attorneys at the trial. The fact that Torry signed the deed in his individual capacity can not outweigh the evidence contained in the body of the deed—that he intended also to execute it as attorney for Neill. If he had only intended to convey such title as he had under the old lease from Sovereign no reference to the power of attorney from Neill was either necessary or proper, and certainly these recitals, with the delivery to Mrs. Kleiber, with the other muniments of title, of this power of attorney, "as part of the conveyance," is inconsistent with any intention that the deed should operate only as a conveyance of Torry's own title under the lease, without reference to the power of attorney.

"If, from the circumstances or the instrument executed, it be doubtful as to whether it was the intention to execute the power possessed by the grantor, then it will not be held that, by such act or conveyance, that power was in fact executed." (Hill v. Conrad, 91 Texas, 345.) But we think that, taking the terms of the deed and of the power of attorney, there can be no doubt whatever that such was the intention. A mere naked deed by Torry, in his individual capacity, might possibly be referred to the title he had in his own name under the lease, but this is in no respect such a deed. The terms of the power of attorney which authorized him to "Do with the said land as if the same were his own property," corroborates and emphasizes the other evidence as to the intention of the deed. The deed purports to convey the title in fee simple. If Torry intended only to convey such title as he had in his individual capacity, why should he have been at such pains to set out the chain of title showing that his individual title was only a lease, while the fee simple title was in Neill? The recital "and sold by Andrew Neill to Alice Ann Kleiber as per power of attorney to John F. Torry, etc.," evi-

dently refers to such sale then made, and not to a previous sale. It must be remembered also that the evidence shows that Andrew Neill lived eleven years after this sale, and it is not shown that he ever asserted any claim to the land thereafter, while Kleiber for five years was engaged in cutting the timber off of the land, and after his death, for more than thirty years, those claiming under Neill were silent as to any claim of title.

When we consider the broad terms of the power of attorney; the absolute right given to Torry to do with the property as if it were his own, it is of no significance, as rebutting the evidence of the intention of Torry to act under the power of attorney in making the deed, that he sold the land on a credit and for his own benefit. The power of attorney authorized him to do so. It is difficult to conceive of an instrument whereby broader powers could have been conferred upon an agent. In fact, a full conveyance of the title could not have vested in the grantee fuller power to sell and convey than this power of attorney conferred upon Torry. We must assume that Andrew Neill knew what he was doing, and understood the full import of the extraordinary language used.

What construction was placed by the parties, Neill and Torry, upon the ninety-nine years' lease to Torry, we can not tell. Inasmuch as the power of attorney was executed in 1872, and the case of Ames v. Hubby (49 Texas, 705), in which it was for the first time held that such a lease was void, was not decided until 1878, it is not unreasonable to suppose that Neill and Torry understood that the lease was valid, and that the fee simple title was held by Neill subject to this ninety-nine-year lease. Some arrangement was doubtless made satisfactory to both parties, by reason of which Neill intended by the power of attorney to turn over the land absolutely to Torry, with power to appropriate the proceeds to himself.

None of the propositions advanced under the first assignment present any error, and the assignment can not be sustained.

The second assignment of error complains of the action of the court in admitting in evidence, over the objection of appellants, the lease from Sovereign to Torry. There was no error in the ruling. If for no other purpose, the lease was admissible as explaining the transaction between Neill and Torry. It was expressly referred to in the deed from Torry under the power of attorney. The trial was before the court, and the title of appellee was sustained, not upon the lease, but upon the power of attorney from Neill and the deed of Torry thereunder, the court expressly finding that the deed from Sovereign to Neill conveyed the title to the land, and that the title was in Neill at the time he executed the power of attorney to Torry.

There is no merit in the third assignment. It is too clear for argument that the date "1871," referring to the execution of the power of attorney, as recited in the deed from Torry to Kleiber, is a clerical mistake, and intended for 1872. It is also clear that in the court's conclusions he did not mean a power of attorney from Kleiber to Torry, but referred to that from Neill to Torry.

While the court does not, in exact language, find that in the deed from Torry to Kleiber, Torry intended to act under the power of attorney from

Neill, the general tenor of his findings is to that effect. The judgment can not be supported upon any other ground, and if it be true that there was no finding upon this issue, we must assume, in support of the judgment, that such was the finding of the court, the evidence afforded by the deed itself being, in our judgment, conclusive in favor thereof. The fourth assignment presenting the point is overruled.

The fifth assignment is substantially disposed of by what has been said under the first assignment. The broad terms of the power of attorney from Neill to Torry fully authorized a sale upon a credit, and any disposition of the proceeds that Torry might see fit to make would not invalidate the sale. The purchaser had a right to assume that the authority given to Torry "to do with the property as though it were his own" authorized him also to use the proceeds as he might see fit. The subsequent conduct of Neill, who lived eleven years after the sale, shows complete satisfaction on his part with the conduct of Torry.

What has been said disposes of the sixth assignment of error, which is overruled.

Finding no error the judgment is affirmed.

*Affirmed.*