## JOWELL v. BILLINGSLEY.

No. 1420.

Court of Civil Appeals of Texas. Waco.

Dec. 14, 1933.

Clay Cotten and Charles W. Procter, both of Palestine, for appellant.

J. D. Pickett, of Palestine, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellant, R. L. Jowell, against appellee, G. L. Billingsley, to recover the sum of $803.98 as a statutory penalty for the alleged receipt by appellee of usurious interest (Rev. St. 1925, art. 5073). A trial by the court without a jury resulted in a judgment for appellee. No transcript of the testimony introduced at such trial was filed. The case is presented in this court on the findings of fact filed by the court below. Such findings are voluminous and consist in part of a recital of the evidence. It appears from such findings that on March 20, 1930, appellant was indebted to appellee in the sum of $2,541.36, being the balance due on a vendor's lien note which had matured more than two years prior thereto. Appellant, desiring further time, executed a renewal note, payable November 1, 1930. The renewal note was prepared by appellee's bookkeeper without his personal presence or participation. It was for the principal sum of $2,795 and bore interest at the rate of 10 per cent. per annum from maturity. The additional sum included in the principal of the renewal note was exactly 10 per cent. of the amount due at the time, but the note was made to mature in seven months and ten days. A credit of $85.80 was indorsed on said renewal note

on the day it was executed, and appellee understood that such credit was to offset excessive interest included in the face of the note by mistake. Said credit was less than the amount of such excess interest, but it does not appear that such discrepancy was ever discovered by appellee. The renewal note was not paid at maturity. Appellee sent the same to a bank in Jacksonville, Tex., for collection, with authority, in event of nonpayment, to employ an attorney to bring suit to recover the debt and foreclose the vendor's lien. The bank procured the assistance of an attorney and filed suit on said note in its own name for the amount due thereon, including principal, interest, and attorney's fees. The bank in its pleadings in said suit recited the fact that said note, as hereinbefore stated, bore a credit of $85.80, that only $100 was claimed as attorney's fees, but alleged in general terms that the amount due on said note at that time was $2,946.74. Appellant answered in said cause and formally admitted the truth of the bank's allegations and consented to judgment, but asked that order of sale be stayed until the 6th day of March, 1931. Judgment was thereupon entered in favor of said bank against appellant for the sum of $2,946.74, with 10 per cent. interest thereon from date until paid, and for a foreclosure of the vendor's lien, but it was expressly provided that order of sale should not issue before the 6th day of March thereafter. Said amount was the exact amount due on the renewal note if the credit endorsed on the back thereof were disregarded. Whether the same was disregarded intentionally or by oversight does not appear. The court found, however, specifically that appellee knew nothing about the proceedings which resulted in said judgment. Appellant paid said judgment in full on or about the 4th day of May, 1931. On said date the bank wrote appellee that it had collected and deposited to his credit the sum of $2,943.35 as the proceeds of said judgment, and advised him in that connection that the attorney who brought the suit had retained only $100 out of the collection. Appellee thought that the attorney had voluntarily permitted the bank to remit to him a part of the attorney's fees provided for in the note. The amount actually remitted to appellee exceeded the amount of principal and interest actually due on said indebtedness at the time of payment in the sum of $107.64. The court made an express finding that appellee *did not know* at the time he received such remittance that interest in excess of 10 per cent. had been received by the bank in the collection of said judgment.

### Opinion.

We are bound by the affirmative findings of the court in this case in the absence of a statement of facts. City of San Antonio v. Berry, 92 Tex. 319, 48 S. W. 496, 499, 1st column; Arrington v. Mercantile Protective

Bureau (Tex. Civ. App.) 15 S.W.(2d) 663, par. 3, affirmed (Com. App.) 24 S.W.(2d) 383; Walker v. Alexander (Tex. Civ. App.) 212 S. W. 713, 715, par. 6; Carter v. Sovereign Camp, W. O. W. (Tex. Civ. App.) 220 S. W. 239, 241, par. 1 (writ refused); Cotulla v. LaSalle Water Storage Co. (Tex. Civ. App.) 153 S. W. 711, par. 1 (writ refused); Wichita Falls & W. Ry. Co. v. Pigg (Tex. Civ. App.) 143 S. W. 669, 670, par. 2. The trial court having rendered a judgment in favor of appellee on such findings, it is our duty to construe the same in their most favorable light so that such several findings will be in harmony with each other and with the judgment rendered. Cook v. Mann (Tex. Com. App.) 40 S.W.(2d) 72, 73, par. 1; Neill v. Kleiber, 51 Tex. Civ. App. 552, 112 S. W. 694, 697; Jones v. Clements (Tex. Civ. App.) 41 S.W.(2d) 1069, par. 1.

We have, after consideration of the court's findings as a whole, concluded that we are required, under the authorities above cited, to give the finding that "appellee did not know that interest in excess of the rate of ten per cent. per annum had been received by the bank on the collection of said judgment" controlling effect. We have not, in reaching such conclusion, failed to give due consideration to the finding of the court with reference to a letter written by appellee to appellant's attorney on May 23, 1931. As before recited, the judgment was paid to the bank. Appellee was advised of said payment by letter dated May 4, 1931. Appellee's letter was in reply to one written to him by appellant's attorney the next day after such payment, which letter contained a demand for the penalty sued for herein. Surprise was expressed by appellee in said reply at such demand. He recited therein the continued indulgence extended by him in the matter of the collection of such indebtedness and stated that the renewal was for the consideration complained of by appellant. This letter was written about three weeks after demand for payment of such penalty and doubtless after a full discussion of the transaction between appellee's bookkeeper, who prepared the note, and the representatives of the bank and its attorney who collected the same. The finding of the court that appellee did not know that excessive interest had been collected is not challenged by any assignment of error presented for our consideration. Such finding is affirmative and unequivocal, and we are not at liberty to disregard the same in the disposition of this appeal. Appellant's insistence that we should do so is overruled.

Appellant based his cause of action on the specific charge that appellee collected usurious interest on the contract embraced in and evidenced by the renewal note of March 20, 1931. No other contract was alleged by him. The court found affirmatively that ap-

pellee did not participate personally in the preparation and acceptance of said note; that the same was prepared and accepted by his bookkeeper; and that he thought at the time he received the same from such bookkeeper that the credit indorsed on the back eliminated any excess interest included in the face thereof. We understand appellant to concede that said note was not usurious on its face. It therefore devolved on appellant to show that appellee, at the time he received the proceeds of the judgment recovered on said note, knew that he was receiving usurious interest on the indebtedness evidenced thereby. We quote from Fires v. Kinney-Shotts Inv. Co. (Tex. Com. App.) 59 S.W.(2d) 827, 828, as follows: "An action under the statute for the penalty provided rests upon an entirely different basis from one wherein a defense is urged against the enforcement of a usurious contract or wherein it is sought to cancel the interest imposed by such a contract. The former is an action under a statute (Rev. St. 1925, art. 5073) designed to inflict punishment upon one who has collected and received payment of usurious interest. The statute does not contemplate that a person should be punished for receiving usurious interest when he is innocent of any intent to do so." See, also, McDaniel v. Orr (Tex. Com. App.) 30 S.W.(2d) 489, 491 (bottom first column); Orr v. McDaniel (Tex. Civ. App.) 30 S.W.(2d) 487, 488, par. 2; Henry v. Sansom, 2 Tex. Civ. App. 150, 21 S. W. 69, par. 2; Call v. Palmer, 116 U. S. 98, 6 S. Ct. 301, 29 L. Ed. 559; Salvin v. Myles Realty Co., 227 N. Y. 51, 124 N. E. 94, 6 A. L. R. 581, par. 7; Planters' Nat. Bank v. Wysong & Miles Co., 177 N. C. 380, 99 S. E. 199, 12 A. L. R. 1412, par. 2.

The existence of a contract to pay usurious interest is an essential element of an action to recover the penalty for the receipt thereof. Continental Savings & Building Ass'n v. Wood (Tex. Civ. App.) 33 S.W.(2d) 770, 773, par. 3, and authorities there cited, affirmed (Com. App.) 56 S.W.(2d) 641. As before stated, the only contract pleaded by appellant was the renewal note of March 20, 1931. That note was sued upon and merged into a judgment. The only payment made by appellant was in discharge of the same. Such judgment established the validity of the indebtedness recovered therein, conclusively determined the rights of the parties, and negatived the existence of usury in the contract on which it was based. 27 R. C. L. p. 279, § 81; 39 Cyc. p. 1034, par. 3; Dallas Trust & Savings Bank v. Brashear (Tex. Civ. App.) 39 S.W.(2d) 148, 151, pars. 3 to 6, inclusive, and authorities there cited, approved by Supreme Court on the issue under consideration November 28, 1933, 65 S.W. (2d) 288; Chandler v. Young (Tex. Civ. App.) 216 S. W. 484, 486, par. 3; Bomar v. Smith (Tex. Civ. App.) 195 S. W. 964, 976, 977; Stuart v. Tenison Bros. Saddlery Co., 21 Tex. Civ. App. 530, 53 S. W. 83, par. 5 (writ refused); Whitlow v. Culwell, 16 Tex. Civ. App. 266, 40 S. W. 642. The case of Long v. Moore, 59 Tex. Civ. App. 579, 126 S. W. 345, cited and relied on by appellant, is distinguishable on the issue under consideration by the fact that the plaintiff therein pleaded and proved circumstances tending to excuse his failure to appear in the original suit and interpose a plea of usury therein, and the court held his showing sufficient. He recovered not only the statutory penalty for collecting usury, but also the further sum of $60 which he alleged he had paid on the obligation and for which no credit was allowed thereon. The appeal in that case was from a judgment of a county court and there was no effort to have such holding reviewed by the Supreme Court.

Appellant's contention that the judgment of the court is without support in the findings of fact and contrary thereto is therefore overruled.

The judgment of the trial court is affirmed.