GREGG et ux. v. NORTH TEXAS BUILD-
ING & LOAN ASS'N.

No. 13131.

Court of Civil Appeals of Texas. Fort Worth.

March 15, 1935.

Rehearing Denied April 12, 1935.

J. R. Wilson, of Wichita Falls, for appellants.

Bert King, of Wichita Falls, for appellee.

DUNKLIN, Chief Justice.

A. L. Gregg and wife instituted this suit to cancel a certain promissory note and deed of trust executed by them to secure its payment on certain real estate in the city of Wichita Falls.

The record shows that those instruments were executed in renewal and extension of a former note and deed of trust between the same parties. And the ground for cancellation urged by plaintiffs was that the original note, which was payable in monthly installments with interest in advance, was usurious, and that the same taint inured in the new note.

In addition to a general denial, the defendant filed a cross-action to recover on second note, which was sustained, and, from the judgment rendered thereon, plaintiffs have appealed.

■ The record shows that the renewal note was executed and accepted in lieu of the old note, upon application of defendant Gregg for a reduction of the interest rate of 10 per cent. in the first note to 8.94 per cent., with the following stipulation:

"I or we make this application and the statements herein for the purpose of obtaining a reduction of the monthly interest payments on said loan and instalment dues on said shares, and agree that in consideration of your granting and approving this application and the covenants herein contained, that the original application for the loan herein described is hereby abrogated and this application shall, in its place and stead, form and become a part of this loan contract; and the Association by its acceptance of this application agrees to credit said shares with any and all brokerage fees, if any, heretofore charged to us, and I or we now direct the Association to so credit the same.

·"This contract upon its acceptance by the Association becomes the sole and only contract for said new loan, and all other matters and things growing out of or pertaining to the original contract (abrogated as aforesaid) between me or us and the Association not covered by this new application and contract shall be and the same are declared cancelled, settled and annulled and each of us hereby releases the other from all such other matters and things whatsoever aforesaid not covered or included herein. I or we further agree to pay interest on this loan from and after the first of the month next preceding the date of this instrument, at the rate of 8.94% per annum, and the execution of this application by the borrower, and this acceptance by the proper officers of the association shall complete this application, and same shall become binding on both parties.

"I or we make this application and the statements herein for the purpose of obtaining a reduction in the interest, and as a basis therefor I or we agree that same shall become a part of the contract for the repayment of said loan, and any false statement made herein shall, upon discovery, cause said indebtedness to become due and payable at the option of the North Texas Building and Loan Association."

We conclude that the contract above set out, especially in connection with evidence introduced by the defendant, to the effect that the market value of the stock for which plaintiff was given credit in the compromise settlement was far less than the amount allowed as credit therefor, and that the question of usury was discussed between the parties at the time of that settlement, was a bar to the defense urged of usury in the note sued on, even though it should further appear that the first note provided for payment of usurious interest. Stout v. Ennis National Bank, 69 Tex. 384, 8 S. W. 808; Cotton States Building Co. v. Jones, 94 Tex. 497, 62 S. W. 741; Rushing v. Citizens Nat. Bank (Tex. Civ. App.) 162 S. W. 460; Bomar v. Smith (Tex. Civ. App.) 195 S. W. 964; Whitlow v. Culwell, 16 Tex. Civ. App. 266, 40 S. W. 642; Rose v. O'Keefe (Tex. Com. App.) 39 S.W.(2d) 877; 27 R. C. L. p. 251, par. 55.

■ Appellants' contention to the contrary is based chiefly upon this announcement in International Bldg. & Loan Ass'n v. Biering, 86 Tex. 476, 25 S. W. 622, 26 S. W. 39.

"The law is, that each payment made upon a contract affected with usury is a payment upon the principal, applied by the law, notwithstanding it was received and paid as interest."

It is well settled that that rule is applicable in a suit to collect a debt stipulating for usurious interest when the defense of usury is interposed, but we do not believe the Supreme Court intended to hold it to be applicable under any other circumstances, in view of article 5074, Rev. Civ. Statutes, reading as follows: "No evidence of usurious interest as a defense shall be received on the trial of any case, unless the same shall be specially pleaded and verified by the affidavit of the party wishing to avail himself of such defense."

■ And, while it was further held in that case that the subscription for stock there involved was a device to collect usuri-

ous interest and that amounts paid on the stock also should be credited on the principal of the note, it is now the settled rule of later decisions that a contract of a shareholder who is also a borrower from a building and loan association, organized under the provisions of the statutes governing the same, is of a dual character, and that stock subscriptions will not be credited as payments on the loan. It is our conclusion that appellants' contention, noted above, is untenable. It is therefore unnecessary for us to determine the merits of the contention that the first note was tainted with usury.

Accordingly the judgment of the trial court is affirmed.