**POPE et ux. v. NORTH TEXAS BUILD-ING & LOAN ASS'N.**

No. 13236.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 4, 1935.

J. R. Wilson, of Wichita Falls, for appellants.

Bert King, of Wichita Falls, for appellee.

## DUNKLIN, Chief Justice.

Dave Pope and wife, Mary Pope, instituted this suit against the North Texas Building & Loan Association to cancel two certain deeds of trust executed by them to the defendant to secure the performance of the covenants therein stipulated.

The first deed of trust was dated March 3, 1926, to secure the payment of a note executed by the plaintiffs to the defendant for the principal sum of $3,000, payable in equal monthly installments in advance on the 10th day of each month thereafter, with interest thereon from date at the rate of 10 per cent. per annum, payable monthly in advance on the 10th day of each succeeding month; past-due interest to draw interest at the rate of 10 per cent. per annum. Contemporaneously with the execution of the deed of trust and note, plaintiffs subscribed for 45 shares of capital stock in the defendant corporation, and the deed of trust also stipulated for a lien to secure the payment of the dues and fines on said shares and for the faithful performance of other covenants, such as the payment of taxes, etc. The deed of trust contained this further stipulation:

"And it is further specially agreed that if default be made in the payment of any principal or interest on said note or in the payment of dues or fines upon said shares of stock, or in the performance of the covenants or agreements herein contained, or any one of them, then, at the option of the legal holder of said note, the whole of the debt herein secured shall become due and payable after thirty days from said default, and may be collected by suit or by proceeding hereunder."

The note embodied a provision for the acceleration of the maturity date in substantially the same terms as that in the deed of trust copied above. The deed of trust also stipulated for a sale of the property by a trustee in the event of plaintiffs' breach of any of the covenants therein embodied, and with authority in the trustee to apply the proceeds of the sale, first, to the payment of the expenses of executing the trust, and, second, to the payment of "the debt and all sums of money due or to become due hereunder in such priority as the law may warrant."

The indebtedness was reduced from time to time until April 9, 1932, on which date plaintiff Dave Pope made application to the defendant in writing for a reduction of the rate of interest on the first note from 10 per cent. to 8.94 per cent. per annum; and also for a reduction of the installment dues on the shares of capital stock then held by the plaintiffs.

The application contained these further provisions:

"This contract upon its acceptance by the association becomes the sole and only contract for said new loan, and all other matters and things growing out of or pertaining to the original contract (abrogated as aforesaid) between me or us and the Association not covered by this new application and contract shall be and the same are declared canceled, settled and annulled and each of us hereby releases the other from all such other matters and things whatsoever aforesaid not covered or included herein. I or we further agree to pay interest on this loan from and after the first of the month next succeeding the date of this instrument at the rate of 8.94% per annum, and the execution of this application by the borrower, and this acceptance by the proper officers of the Association shall complete this application, and same shall become binding on both parties.

"I or we make this application and the statements herein for the purpose of obtaining a reduction in the interest, and as a basis therefor I or we agree that same shall become a part of the contract for the repayment of said loan, and any false statement made herein shall, upon discovery, cause said indebtedness to become due and payable at the option of the North Texas Building & Loan Association."

On April 12, 1932, that application was accepted and approved by the defendant; and in consummation thereof plaintiffs, on November 10, 1932, executed to the defendant their promissory note in the sum of $1,092.79, which represented the unpaid balance of the first note after allowing certain credits for payments thereon and for value of the shares of stock theretofore issued to the plaintiff. But the defendant granted a further reduction of the interest rate on the new note to 8.4 per cent. The new note stipulated for the payment of principal and interest monthly in advance in equal installments of $40 each month; the first installment being due and payable on the 1st day of December, 1932, and one installment payable on the first day of each succeeding month thereafter. The note contained the stipulation that failure to pay any installment of principal or interest when due shall, at the election of the holder, "mature the said note and it shall become at once due and payable and subject to foreclosure proceedings under said deed of trust."

Plaintiffs also executed a deed of trust to secure said note upon the same property covered by the first deed of trust with an acceleration clause in it substantially the same as that shown in the note. At the same time plaintiff took out certain other shares of stock in lieu of the original shares designated as "thrift shares," which were also hypothecated as security for the second note.

In plaintiffs' pleadings the contention was made that the first note was usurious in that it stipulated for the payment of interest on the principal at the rate of 10 per cent. per annum, and for interest at the same rate on interest installments after their maturity, and, further, that under the provisions for acceleration of maturity of the note unearned interest could be collected. The further contention was made that all interest payments made on the original note should be credited on the principal, and that after so doing, the balance remaining was less than the principal of the second note, and the second note was therefore likewise tainted with usury.

The defendant filed a general denial and, in addition, filed a cross-action for the recovery of the balance due on the second note with foreclosure of the liens given to secure the same.

Judgment was rendered allowing defendant a recovery on its cross-action for the amount sued for with a foreclosure of the mortgage lien, which was in effect a denial of the relief prayed for by plaintiffs, although the judgment did not specifically so decree.

The recitals in the judgment show that the trial court concluded that the first note executed by plaintiff stipulated for usurious interest, but that the second note and deed of trust purged the original contract of usury.

The stipulations in the first deed of trust for payment of principal and interest and for acceleration of the maturity of the note were substantially the same as embodied in the note and deed of trust involved in the case of Wichita Falls Building & Loan Association v. Moss, decided by this court in an opinion by Associate Justice Brown, reported in 82 S. W.(2d) 171 (writ of error dismissed); and for the reasons announced in that opinion we conclude that the first deed of trust involved in this suit did not stipulate for payment of usurious interest.

We conclude further that even though it should be held that the original contract was usurious, plaintiffs were estopped from urging the same by reason of the terms of their contract for the second note and deed of trust, which was substantially the same as that involved in the case of Gregg v. North Texas Building & Loan Association, 82 S.W.(2d) 1093, decided by this court, and in which an application for writ of error was dismissed by the Supreme Court.

Accordingly, the judgment of the trial court is affirmed.