## NORTH TEXAS BUILDING & LOAN ASS'N et al. v. PINKSTON et ux.

### No. 13239.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 11, 1935.

Bert King, of Wichita Falls, for appellants.

J. R. Wilson, of Wichita Falls, for appellees.

DUNKLIN, Chief Justice.

On March 29, 1926, H. C. Pinkston and wife purchased 30 shares of the capital stock of the North Texas Building & Loan Association and at the same time borrowed from the association $2,000 which was secured by their deed of trust on certain property in Wichita Falls, and also by lien on their capital stock in the association. The note stipulated for payment of principal in equal monthly installments, payable in advance on the 10th day of each month with interest thereon at the rate of 10 per cent. per annum, and past-due interest also to draw interest at the rate of 10 per cent. per annum. It was further stipulated in the note that should default be made in payment of any installment of principal or interest or any dues or fines on the stock, when due, and if such default should continue for 30 days thereafter, then at the option of the legal holder of the note "the whole amount of this note then unpaid shall at once become due and payable." A stipulation for accel-

eration of maturity in substantially the same terms was embodied in the deed of trust given to secure the note with power vested in the trustee to sell the property as under execution and apply the proceeds, first, to pay expenses of executing the trust, and, second, to payment of "the debt and all sums of money due or to become due hereunder in such priority as the law may warrant."

On September 1, 1927, Pinkston and wife executed another note and deed of trust in the sum of $400 to take up and extend two certain mechanic's liens on the same real estate and capital stock with stipulations thereon for interest and acceleration of maturity substantially the same as in the original instruments.

On April 15, 1931, Pinkston and wife executed to the Building & Loan Association their note for $1,345 payable in monthly installments in renewal and extension of the two former notes and secured by another deed of trust on the same property. That note stipulated for interest at the rate of 8.94 per cent. with other stipulations for acceleration of maturity and foreclosure substantially the same as in the original instruments.

Pinkston and wife instituted this suit, alleging that said instruments stipulated for collection of usurious interest. It was further alleged that after applying all payments made as credits on the principal of the third note, defendant was indebted to them by reason of usury in the contracts in the sum of $84.45, for which they sought judgment and for a cancellation of all those notes and mortgage liens.

Judgment was rendered awarding to plaintiffs that relief and denying defendant's cross-action against them for balance due on their note according to its terms, with foreclosure of lien given to secure the same.

The stipulation for interest and acceleration of maturity in the instruments and the grounds upon which it is insisted that the contracts were usurious are all substantially the same as those involved in Wichita Falls Building & Loan Association v. Moss, reported in (Tex. Civ. App.) 82 S.W.(2d) 171 (writ of error dismissed), and Gregg v. North Texas Building & Loan Association (Tex. Civ. App.) 82 S. W.(2d) 1093 (writ of error dismissed), in each of which cases the plea of usury was rejected. And for the same reasons the

assignment of error to the judgment of the trial court in this case sustaining plaintiffs' plea of usury and denying defendant a recovery on its cross-action for debt and foreclosure is sustained.

Accordingly, the judgment of the trial court is reversed, and judgment here rendered denying plaintiffs the relief prayed for, and awarding the defendant North Texas Building & Loan Association judgment on its cross-action against them for the debt sued for, with foreclosure of the mortgage lien as prayed for.