**SHEARER et al. v. DEMING INV. CO. et al.**

**No. 13674.**

Court of Civil Appeals of Texas. Fort Worth.

Feb. 11, 1938.

Rehearing Denied March 18, 1938.

Geo. M. Hopkins, of Denton, for appellants.

Miles Hart, of Durant, Okl., and Read, Lowrance & Bates, of Dallas, for appellee Deming Inv. Co.

Read, Lowrance & Bates, of Dallas, and Fred H. Minor, of Denton, for appellee National Life Ins. Co.

DUNKLIN, Chief Justice.

On January 26, 1921, Hugh Shearer and wife, Estella Shearer, A. A. Shearer, and F. M. Shearer, borrowed from the Deming Investment Company the sum of $2,500, for which they executed their promissory note in that sum, payable on February 1, 1931, with interest thereon at the rate of 7 per cent. per annum from date. As a part of the same transaction, they executed three additional promissory notes, two for $83 each, due respectively on February 1, 1922, and February 1, 1923, and the other one for $84, due February 1, 1924. It is recited in those three notes that they were given as earned commission, agreed on to be paid to Robert O. Deming, trustee, for negotiating the loan, with the further recital that the Deming Investment Company, in advancing the money on the loan, was merely doing so as the agent of the makers, for the negotiation thereof in the market.

As a part of the same transaction, the makers of the note executed two deeds of trust on sixty acres of land in Denton county, the first being to secure the payment of the principal note of $2,500, and the second the three smaller notes mentioned above. Those instruments contained the usual stipulations, giving to the holders of the notes the right to declare their whole debt due upon default in the payment of the interest on the principal note or the principal of any one of the three smaller notes, and also in default of the owners to pay taxes to accrue on the land mortgaged.

Hugh Shearer, one of the original makers of the notes, died in 1929. On January 8, 1931, A. A. Shearer and F. M. Shearer signed an application to the Deming Investment Company for a loan of $2,500, appointing said company as their agent to procure such loan from any firm or corporation, with a statement that the purpose of the loan was "to pay present maturing loan," and described the existence of the deed of trust theretofore given.

On April 24, 1931, A. A. Shearer, F. M. Shearer, and Estella Shearer, as guardians of the minor children of Hugh Shearer, deceased, executed four notes for $125 each and one for $2,000, payable to the Deming Investment Company, respectively on the 1st day of each February from 1932 to 1936, stipulating interest at the rate of 8 per cent. per annum. At the same time, they executed another deed of trust to secure those notes. The deed of trust embodied the stipulation for acceleration of the payment of the principals upon default in the payment of interest or principal, but with the further stipulation that the makers were not bound to pay more than 10 per cent. interest upon the principal sum for the period of its use.

The notes and deed of trust last mentioned were made in compliance with the request for the extension applied for on January 8, 1931. That extension agreement recited the execution of the original note, with these further stipulations:

"This Memorandum of Agreement made this the 20th day of April, 1933, by and between A. A. Shearer, a single man; F. M. Shearer and wife, Lutie Shearer; and Estella Shearer, for herself, and as Guardian of the estates of Keith Rheno Shearer, Alley Ray Shearer and Ethel Fondell Shearer, minors, of the County of Denton and State of Texas, hereinafter called First Parties, and National Life Insurance Company, a corporation of Montpelier, Vermont, hereinafter called Second Party.

"Witnesseth: Whereas, under date of April 24, 1931, the first parties executed their deed of trust recorded in Book 109, at page 323 of the Trust Deed Records of Denton County, Texas, on 60 acres of land out of the Isaac Walters Survey to secure the Deming Investment Company in the payment of five notes for the total principal sum of $2,500.00, bearing interest at the rate of 6 per cent per annum, payable annually, which notes together with the lien securing the same was transferred and as-

signed by The Deming Investment Company to the second party by instrument recorded in Book 234 at page 471 of the Deed Records of said County; and

"Whereas, an interest installment of $150.00 fell due on February 1, 1933, of which amount $100.00 has already been paid leaving a balance of $50.00 interest due as of February 1, 1933, and a principal installment of $125.00 fell due on February 1, 1932, and a principal installment of $125.00 fell due on February 1, 1933, and the first parties have requested the second party to extend the, time of payment of the unpaid balance of said interest installment to July 15, 1933, and to extend the time of payment of said two principal installments until October 1, 1933.; and

"Whereas, it might be possible for the first parties to raise a question of usury in said loan contract on account of the acceleration clauses embraced in the first mortgage and in the second mortgage taken in connection therewith and the second party is not disposed to grant any extension of the time of payment of said interest installment or to receive any further payments of interest on said loan unless the first parties are willing to acknowledge their obligation to pay said interest and said two principal notes with interest thereon according to its terms and provisions and to compromise and settle the question of usury and waive their right to question the validity of said contract on the ground of usury either at the present or any future time.

"Now, Therefore, the first parties, in consideration of the sum of Five and No/100 ($5.00) Dollars, cash, to them in hand paid by the second party, the receipt of which is hereby acknowledged, and in further consideration of the agreement of the second party hereinafter expressed to extend the time of payment of the balance of the interest installment of $50.00 to July 15, 1933, and the two principal installments of $125.00 each due on said lien on February 1, 1932 and February 1, 1933, to October 1, 1933, do hereby acknowledge they are legally and morally bound and obligated to pay to the second party the principal sum of $2,500.00 evidenced by said five promissory notes and that the same is not subject to any credits, offsets, deductions or counterclaims, and they expressly waive any right to plead or raise the question of usury at the present, or at any future time, in opposition to any effort of the second party, or its successors or assigns, to enforce the payment of said

obligation, or to seek to avoid said obligation for the principal sum of the face of said note or any part thereof either in an offensive or defensive action.

"The second party, in consideration of the foregoing covenants and agreements made by the first parties, hereby agrees that the time of payment of said balance of interest installment for $50.00 which matured on February 1, 1933, shall be extended to July 15, 1933, and said principal notes for $125.00 each which matured on February 1, 1932 and February 1, 1933, shall be and the same is hereby extended so that the same shall mature on October 1, 1933.

"The first parties further agree that. said notes and the Deed of Trust securing the same shall remain in full force and effect as to all of their terms and provisions save only that it is the distinct understanding and agreement of both parties hereto that nothing in said Deed of Trust or notes shall be construed as entitling the holder of said notes, in the event of the exercise of the option to accelerate the maturity of said notes on account of any breach of any covenants or conditions in said Deed of Trust, to demand, collect or receive from the first parties, or their heirs, representatives or assigns, any interest or compensation for the use, forbearance or detention of the principal sum of money in excess of ten per cent per annum for the time when the same has been actually used or detained.

"Signed this the 20 day of April, A. D. 1933."

On May 11, 1931, the Deming Investment Company assigned the renewal notes to the defendant National Life Insurance Company, and on July 24, 1931, the National Life Insurance Company assigned to the Deming Investment Company the original note and mortgage given to secure the same, reciting that said bond had been sold and transferred to the National Life Insurance Company by the Deming Investment Company, as shown by the deed records of the county. This assignment was made to effect the merger of the original note into the renewal note, and by cross-action the National Life Insurance Company sought recovery against the plaintiffs for the amount of their debt with foreclosure of the mortgage lien on the land.

The makers of the renewal notes instituted this suit on the 6th day of July, 1936, alleging that the original notes were tainted with usury, in that the three commission notes were intended to cover interest for the

loan, additional to the 7 per cent. interest stipulated in the principal note for $2,500. And further that the stipulations in the first deed of trust, giving the holders of the original notes the right to accelerate the due dates thereof, for failure of the borrowers to pay taxes on the land covered by the deed of trust, also tainted the loan with usury. They further alleged that the taint of usury in the original transaction inured in the extension thereof, as noted above.

Based on those allegations of usury, plaintiffs sought a recovery of the two payments of interest made within the last two years, conceding that certain previous payments of interest were barred by limitation, and for that reason, were not recoverable. But there was a prayer that all other interest payments be credited on the principal loan of $2,500. In that connection, they offered to tender into court for benefit of the holder of the renewal notes the balance owing after allowing such credits, and prayed for a decree canceling all those deeds of trust, as clouds upon the title to the land.

The Deming Investment Company filed an answer, embodying exceptions, presenting the bar of plaintiffs' suit under the statute of limitations of two and four years, disclaiming any interest in the controversy, and praying for its discharge.

The National Life Insurance Company also filed an answer, including exceptions presenting statute of limitation of two years, to plaintiffs' demand for recovery of the interest; also a general denial; further pleading specially the execution of the original note, the renewal thereof, secured by a second deed of trust; ownership of said renewal notes and lien given to secure the same; denying that any of the notes were tainted with usury, the granting of the renewal upon the application made therefor, and specially pleading waiver and estoppel of the plaintiffs, by reason of the renewal and extension of the notes, granted upon the representations and agreements of the plaintiffs therefor; also the compromise agreement referred to above.

By supplemental petition, plaintiffs sought to avoid the force and effect of the compromise agreement, on the ground that they executed the same before any question of usury had ever been raised, and without knowing that they were waiving any of their legal rights in signing such instrument; that their signature was obtained through fraud of the defendants in representing to them that it was necessary for them to give a chattel mortgage lien on the crops raised on the land securing the loan, in order to obtain an extension of the mortgage indebtedness; and further that at the time the compromise agreement was executed, plaintiffs were uninformed on the question of usury and their rights under the loan contract, which defendants well knew, and fraudulently took advantage of the plaintiffs and induced them to sign the contract, and the taking of the same from the plaintiffs was therefore fraudulent. It was further alleged that the compromise agreement was executed without any consideration therefor.

Upon trial of the case, the court instructed a verdict in favor of the defendant National Life Insurance Company, against the plaintiffs, which was duly returned; and judgment was rendered, denying plaintiffs the relief sought and awarding the National Life Insurance Company a judgment against them, for the amount due upon the renewal notes, with foreclosure of the renewal deed of trust on the land in controversy, and further that the Deming Investment Company go hence without day, with the recovery of its costs against the plaintiffs. From that judgment plaintiffs have appealed.

■ The renewal notes did not stipulate for payment of usurious interest. The extension of due date of the balance owing on the original notes, granted by the renewal note, was of itself a sufficient consideration to support the renewal notes, and especially so since that agreement for such extension was fully performed by the defendant. Winningham v. Dyo, Tex.Com. App., 48 S.W.2d 600.

■ The waiver and estoppel pleaded by the defendant National Life Insurance Company was conclusively established by uncontroverted proof, and therefore the trial court did not err in directing a verdict in defendant's favor, by reason of such proof. A multitude of authorities might be cited in support of that ruling, a few of which are: 17 Tex.Jur., § 7, p. 135; John Hancock Mut. Life Ins. Co. v. Harrison, Tex.Civ. App., 82 S.W.2d 1076; Gregg v. North Texas Bldg. & Loan Ass'n, Tex.Civ.App., 82 S.W.2d 1093; Rose v. O'Keefe, Tex.Com. App., 39 S.W.2d 877, 879; also numerous other authorities cited in those decisions.

Since the defense of waiver and estoppel was thus established, it becomes unnecessary to determine whether or not the original

notes were tainted with usury; and accordingly the judgment of the trial court is affirmed.